James Do Kim, Esq. (SBN 231038)
Law Offices of Do Kim, APLC
3435 Wilshire Blvd. Ste 2700
Los Angeles, CA 90010
Ph: (213) 251-5440
dkim@dokimlaw.com

Janet Hong (SBN 243607)
The Hong Firm, APLC
1900 Avenue of the Stars, Suite 310
Los Angeles, CA 90067
Ph: (310) 487-5545
janet@thehongfirm.com

*Attorneys for Plaintiff,*
JAMES ANTHONY HUMPHREY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAMES ANTHONY HUMPHREY<br><br>PLAINTIFF,<br><br>V.<br><br>CITY OF SANTA MONICA; JORDAN VARAK; ANDREW SANCHEZ; and DOES 1 through 10, inclusive,<br><br>DEFENDANTS. | Case No. 2:21-CV-6812<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983**<br>   1. Excessive Use of Force;<br>   2. Unlawful Detention & Arrest;<br>   3. Malicious Prosecution;<br>   4. *Monell* Violations;<br>   5. False Evidence Violations;<br>   6. Joint Action/Conspiracy (False Evidence Violations);<br>   7. Supervisorial Liability.<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

## **INTRODUCTION**

1. This is a civil rights action for unlawful detention, wrongful arrest, excessive force, and false evidence against police officers JORDAN VARAK, ANDREW SANCHEZ, and DOE DEFENDANTS 1 through 10, and their employer, the CITY OF SANTA MONICA.

2. On or about August 29, 2019, Defendant Santa Monica Police officers VARAK and SANCHEZ conducted a traffic stop of the Plaintiff, JAMES ANTHONY HUMPHREY, based on allegations that Plaintiff had committed a minor traffic infraction while riding his bicycle. Without cause or legal justification, and in violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures of his person, Defendants VARAK and SANCHEZ converted the encounter from a detention into an arrest. In so doing, they utilized excessive, unlawful and unjustified force to take Plaintiff to the ground.

3. As a result of Defendants' unlawful and excessive use of force, Plaintiff HUMPHREY sustained a displaced fracture of his left clavicle, a closed head injury, and other lacerations, cuts, abrasions, and bruises.

4. In order to retroactively justify their unlawful detention, arrest, and use of excessive force against Plaintiff, Defendants charged Plaintiff with offenses that included Obstruction/Resisting arrest. During subsequent criminal proceedings, Plaintiff was fully vindicated of any alleged wrongdoing and the criminal charges against him were dismissed.

5. Plaintiff brings the instant action in order seek redress for the violations of his constitutional rights and the physical and emotional injuries resulting therefrom.

COMPLAINT FOR DAMAGES

## **VENUE AND JURISDICTION**

6.     This action is brought pursuant to 42 U.S.C. §§ 1983 *et seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(1), (2), (3), and (4), and the aforementioned statutory and Constitutional provisions.

7.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events, injuries, and violations of rights alleged herein occurred within the City of Santa Monica, County of Los Angeles, California, which is within this district, and because the Defendants, or some of them, reside within the jurisdictional boundaries of this Court.

## **THE PARTIES**

8.     Plaintiff JAMES ANTHONY HUMPHREY is a resident of the City of Los Angeles, County of Los Angeles, and State of California.

9.     At all times herein mentioned, Defendant CITY OF SANTA MONICA was and is a public entity duly organized and existing under and by virtue of the laws of the State of California.   The Santa Monica Police Department ("SMPD") is a subdivision and/or department of the CITY OF SANTA MONICA, and all officers employed by said Department are employees of Defendant CITY OF SANTA MONICA.   The CITY OF SANTA MONICA and its officers, employees, and agents are responsible for Plaintiff's damages under 42 U.S.C. § 1983.

10.     Defendant CITY OF SANTA MONICA was at all times mentioned herein, engaged in owning, operating, maintaining, managing, and doing business as a Police Department in the CITY OF SANTA MONICA, State of California.   All of the acts complained of herein by Plaintiff against Defendant CITY OF SANTA

COMPLAINT FOR DAMAGES

MONICA were done and performed by said Defendant CITY OF SANTA MONICA by and through its authorized agents, servants, and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendant CITY OF SANTA MONICA and its employees and/or agents ratified, condoned, permitted, and/or authorized the conduct of its employees, or agents, all of the acts complained of herein, and is vicariously liable for the wrongful conduct of its employees or agents.  Pursuant to California Government Code § 818, Plaintiff does not allege punitive damages against the CITY OF SANTA MONICA.

11.     Defendants JORDAN VARAK and ANDREW SANCHEZ were at all relevant times police officers employed by the SMPD and the CITY OF SANTA MONICA.  At all times relevant hereto, said defendants were acting within the course and scope of their employment as police officers, sergeants, detectives, and/or civilian employees of the SMPD. At all times relevant herein, said defendants were acting under color of law, under the color of statutes, ordinances, regulations, policies, customs, practices and usages of Defendant CITY OF SANTA MONICA and its police department.  Defendants VARAK and SANCHEZ are sued in their individual capacity.

12.     At all times herein mentioned, Plaintiff is informed and believes and thereon alleges that individual DOE DEFENDANTS 1 through 10 were residents of the County of Los Angeles and were police officers, sergeants, detectives, and/or civilian employees, agents and/or representatives of the SMPD, and were thus employees and agents of Defendant CITY OF SANTA MONICA. At all times relevant hereto, said defendants were acting within the course and scope of their employment as police officers, sergeants, detectives, and/or civilian employees of the SMPD. At all times relevant herein, said defendants were acting under color of

COMPLAINT FOR DAMAGES

law, under the color of statutes, ordinances, regulations, policies, customs, practices and usages of Defendant CITY OF SANTA MONICA and its police department.

13.     Plaintiff is unaware of the true names and capacities of defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, and therefore has named these defendants by using fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when same shall have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the respective injuries of Plaintiff as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

14.     Defendants CITY OF SANTA MONICA, JORDAN VARAK, ANDREW SANCHEZ, and DOES 1-10, inclusive, are referred to collectively as "Defendants" through this Complaint.

15.     Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all times mentioned was, the agent, employee, or representative of each other Defendant.  Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

16.     The CITY OF SANTA MONICA and its supervisors and officials, with deliberate indifference to the constitutional rights of persons within its jurisdiction, maintained, or permitted official policies, practices, or customs that violated Plaintiff's constitutional rights.  Based upon the principles set forth in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), the CITY OF SANTA MONICA is liable for all injuries sustained by Plaintiff as set forth herein.  The CITY OF SANTA MONICA's liability arises from the fact that

COMPLAINT FOR DAMAGES

its policies, procedures, and customs were a direct and legal cause of Plaintiff's damages.

17.   At all times relevant hereto, Defendants VARAK, SANCHEZ and DOE DEFENDANTS 1 through 10 employed unlawful and illegal policies, customs, and practices of using excessive force, conducting unlawful detentions, making false arrests, falsifying evidence, and intentionally causing emotional distress upon innocent victims. Said misconduct was known, encouraged, tolerated and/or condoned by Defendant CITY OF SANTA MONICA.

## GENERAL ALLEGATIONS

18.   On or about August 29, 2019 at approximately 9:00 p.m., Defendants VARAK and SANCHEZ were riding in a police vehicle and were on patrol in the area of Broadway and Ocean Drive in Santa Monica, California.

19.   At that same time and in that same place, Plaintiff HUMPHREY was riding his bicycle.

20.   Defendants VARAK and SANCHEZ conducted a traffic stop of Plaintiff HUMPHREY – allegedly on the grounds that Plaintiff had entered an intersection against a traffic signal.  Plaintiff asserts that there was no reasonable suspicion and/or probable cause to stop him.

21.   Plaintiff HUMPHREY inquired as to why Defendants VARAK and SANCHEZ had detained him.  Defendant VARAK responded that Plaintiff had ridden his bicycle into an intersection against a red traffic light.

22.   Defendant VARAK requested that Plaintiff get off the street and onto the sidewalk, and set his bicycle down.  Plaintiff complied with these requests.

23.   Defendant VARAK then ordered Plaintiff to sit down on the sidewalk.  Plaintiff responded by asking if he could sit somewhere other than the sidewalk.

COMPLAINT FOR DAMAGES

24.     Without legal cause or justification, Defendant VARAK, assisted by Defendant SANCHEZ and DOE DEFENDANTS 1 through 10, or any of them, subsequently grabbed ahold of Plaintiff.  Defendant VARAK used his leg to "sweep" Plaintiff's legs out from under him and forcibly take Plaintiff to the ground.  Defendants VARAK, SANCHEZ and DOE DEFENDANTS 1 through 10 then forcibly restrained Plaintiff, using one or more "control holds," and applied handcuffs.

25.     Defendants VARAK, SANCHEZ and DOE DEFENDANTS 1 through 10, or any of them, unlawfully restrained Plaintiff, placed him under arrest, and transported him to the SMPD Jail.

26.     As a result of Defendants' unlawful and excessive use of force, Plaintiff HUMPHREY sustained a displaced fracture of his left clavicle, a laceration over his right eye, a closed head injury, and other cuts, abrasions and bruises.

27.     Defendants, and each of them, including the CITY OF SANTA MONICA through the SMPD, its employees, agents, including all employees working at the time that Plaintiff was injured, acted with gross negligence, deliberate indifference to Plaintiff's constitutional rights, and with a reckless disregard for the health and safety of Plaintiff.

28.     Defendants VARAK, SANCHEZ and DOE DEFENDANTS 1 through 10 authored one or more reports regarding the circumstances surrounding Plaintiff's arrest.  In these reports, Defendants made a number of false and/or misleading statements in an effort to justify the arrest and use of force against Plaintiff.

29.     The statements of Defendants VARAK, SANCHEZ and/or DOE DEFENDANTS 1 through 10 caused Plaintiff to be prosecuted for a red light

7

COMPLAINT FOR DAMAGES

violation under Vehicle Code 21453(a) and Obstruction/Resisting Arrest under Penal Code 148(a)(1).

30.    The charges against Plaintiff were ultimately dismissed, and Plaintiff was not convicted of any offense in connection with the incident described in this Complaint.

31.    As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights.  Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, which have caused him to seek the care of hospitals, physicians, surgeons, and other professional medical personnel.  Plaintiff's injuries have also affected and will continue to affect his ability to work, diminishing his earnings. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

32.    The aforementioned acts of said individual Defendants VARAK, SANCHEZ, and DOES 1-10 were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants.

## FIRST CAUSE OF ACTION

### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### EXCESSIVE USE OF FORCE

### (AGAINST DEFENDANTS VARAK, SANCHEZ and DOES 1-10)

33.    Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

34.    This action is brought pursuant to 42 U.S.C. Section 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution.

COMPLAINT FOR DAMAGES

35.   At all times relevant hereto, Plaintiff possessed the right, guaranteed by the Fourth Amendment to the United States Constitution, to be free from unreasonable uses of force by police officers acting under the color of law.

36.   As described herein above, Defendants VARAK, SANCHEZ, and DOE DEFENDANTS 1 through 10 violated Plaintiff's Fourth Amendment rights, by unlawfully and unreasonably using excessive force in placing Plaintiff under arrest.

37.   In performing the aforementioned acts, said defendants, acted specifically with the intent to deprive Plaintiff of his Constitutional rights under the Fourth Amendment to be free from unreasonable use of force, rights of which as police officers, they were fully aware.

38.   Said Defendants subjected Plaintiff to the aforementioned deprivations with either actual malice, deliberate indifference or a reckless disregard of his rights under the United States Constitution.

39.   As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel.  Plaintiff's injuries have also affected and will continue to affect his ability to work, diminishing his earnings. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

40.   The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

9

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

## UNLAWFUL DETENTION AND ARREST

## (AGAINST DEFENDANTS VARAK, SANCHEZ, and DOES 1-10)

41. Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

42. Defendants VARAK, SANCHEZ, and DOE DEFENDANTS 1-10's actions deprived Plaintiff of his rights under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, including but not limited to unreasonable searches and seizures. Plaintiff was also deprived of his liberty without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiff brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

43. Defendants VARAK, SANCHEZ, and DOES DEFENDANTS 1-10 violated Plaintiff's rights under the Fourth and Fifth Amendments, *inter alia*, by subjecting Plaintiff to wrongful detention, false arrest and imprisonment on or about August 29, 2019, despite the fact that there was no reasonable suspicion and/or no probable cause to do so. Said defendants acted unreasonably with deliberate indifference to Plaintiff's constitutional rights and deliberately and intentionally caused Plaintiff's detention, arrest and imprisonment in violation of Plaintiff's rights under the Fourth and Fifth Amendments to the United States Constitution. Defendants VARAK, SANCHEZ, and DOES 1-10 acted under color of law and their authority as SMPD's officers/employees.

44. As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life,

COMPLAINT FOR DAMAGES

which have caused him to seek the care of hospitals, physicians and other professional medical personnel. Plaintiff's injuries have also affected and will continue to affect his ability to work, diminishing his earnings. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

45.     The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

## MALICIOUS PROSECUTION

## (AGAINST DEFENDANTS VARAK, SANCHEZ, and DOES 1-10)

46.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

47.     A criminal prosecution of Plaintiff was commenced by and/or at the direction of Defendants VARAK, SANCHEZ, and/or DOE DEFENDANTS 1 through 10.

48.     The criminal proceedings were ultimately terminated in favor of Plaintiff.

49.     The criminal proceedings were initiated and maintained despite the absence of probable cause to believe that Plaintiff had committed an offense.

50.     The criminal proceedings were initiated with malice, and in an attempt to justify Defendants' wrongful arrest of and use of excessive force against Plaintiff.

COMPLAINT FOR DAMAGES

51. As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above.

52. As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel. Plaintiff's injuries have also affected and will continue to affect his ability to work, diminishing his earnings. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

53. The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### *MONELL* VIOLATIONS

### (AGAINST DEFENDANT CITY OF SANTA MONICA)

54. Except as to the punitive damages allegations, Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

55. At all times relevant herein, Defendant CITY OF SANTA MONICA and the Santa Monica Police Department, through gross negligence and in deliberate indifference to the Constitutional rights of citizens, employed,

12

COMPLAINT FOR DAMAGES

maintained and permitted an official policy, practice, and/or custom of permitting, allowing, ratifying and condoning the occurrence of the types of wrongs and misconducts set forth herein. Said misconduct was encouraged, tolerated and condoned by said Defendant.

56.    At all times pertinent to this Complaint, Defendants VAREK, SANCHEZ, and DOE DEFENDANTS 1 through 10, acting within the course and scope of their duties as peace officers of Defendant CITY OF SANTA MONICA, deprived Plaintiff of his rights to be free from unreasonable seizures and unlawful arrest as delineated herein above, and thereafter in violation of Plaintiff's due process rights, proceeded to falsify, fabricate, conceal and alter evidence, submit false police reports so that Plaintiff would be found guilty of the false charges.

57.    Said policies, procedures, customs and practices also called for Defendant CITY OF SANTA MONICA and its Police Department not to discipline, prosecute, or objectively and/or independently investigate or in any other way, deal with or respond to known incidents and complaints of unlawful detention, false arrests, use of excessive force, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, to cover-up and conceal such wrongful conduct by SMPD and for Defendant CITY OF SANTA MONICA to fail to objectively and/or independently investigate or in any other way, deal with or respond to the related claims and lawsuits made as a result of such false arrests and related misconduct.

58.    Said policies, procedures, customs and practices called for and led to the refusal of said Defendant CITY OF SANTA MONICA to investigate complaints of previous incidents of unlawful detention, false arrests, use of excessive force, the filing of false police reports to conceal such misconduct, the falsification evidence and perjury and, instead, officially claim that such incidents were justified and proper.

COMPLAINT FOR DAMAGES

59.    Said policies, procedures, customs and practices called for said Defendants, by means of inaction and cover-up, to encourage an atmosphere of lawlessness within the SMPD and to encourage their police officers to believe that improper detention and arrest of residents of Santa Monica or persons present therein, the submission of false police reports, and the commission of perjury was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

60.    Said policies, procedures, customs and practices of Defendant CITY OF SANTA MONICA has evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff.  This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said Defendants and their subordinate policymakers of indistinguishably similar incidents of unjustified, unlawful arrests, falsification of evidence, evidence tampering, submission of false police reports and perjury.

61.    On information and belief, deliberate indifference to the civil rights of victims of the Defendant CITY OF SANTA MONICA's Police Department, unlawful detentions and arrests, falsified evidence, false and misleading police reports and false and perjurious testimony was also evidenced by said Defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations, similar to those alleged herein, arising from such misconduct and the related payment of judgments to such individuals.

62.    Plaintiff is informed and believes and therein alleges that these customs and practices and policies were the moving force behind the violations of Plaintiff's respective rights. Based upon the principles set forth in *Monell v. New York Dept. Of Social Services*, Defendant CITY OF SANTA MONICA is liable for all of the injuries and damages sustained by Plaintiff as set forth in this Complaint,

14

COMPLAINT FOR DAMAGES

including severe and permanent physical, emotional and psychological injuries, pain and suffering, medical expenses, loss of earnings, loss of enjoyment of life and attorney's fees and costs pursuant to 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION

### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983 –

### FALSE EVIDENCE VIOLATIONS

### (AGAINST DEFENDANTS VARAK, SANCHEZ, AND DOES 1-10)

63. Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

64. Defendants VARAK, SANCHEZ, and DOES 1-10, while acting under color of law, deprived Plaintiff of his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, by providing false evidence non-testimonial evidence in reports and statements outside of live testimony that was forwarded to Plaintiff's prosecutor, which was likely to, and in fact did, influence the prosecutor's decision to criminally charge Plaintiff and resulted in a deprivation of liberty.  The provision of such false evidence set in motion a reasonably foreseeable chain of events leading to the presentation of false evidence in Plaintiff's criminal case.

65. Such false evidence includes but is not limited to Defendants VARAK, SANCHEZ, and DOES 1-10's false arrest report and related statements, which were created and used by the prosecution to criminally charge Plaintiff and deprive him of his liberty.

66. Said Defendant knew or should have known such evidence was false, and said Defendants engaged in such conduct with deliberate indifference to and/or reckless disregard for the truth and for Plaintiff's rights secured by the United States Constitution and Amendments thereto.

COMPLAINT FOR DAMAGES

67. The constitutional course against using false evidence is primarily the due process clause of the Fifth and Fourteenth Amendments, and Plaintiff's due process rights were violated by the conduct alleged herein. Plaintiff brings this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiff's right to not have false evidence used against him is any constitutional source other than due process (such as the Fourth Amendment), this claim is brought on those bases as well.

68. As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel. Plaintiff's injuries have also affected and will continue to affect his ability to work, diminishing his earnings. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

69. The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

### JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 U.S.C. § 1983 – FALSE EVIDENCE VIOLATIONS

### (AGAINST DEFENDANTS VARAK, SANCHEZ, AND DOES 1-10)

70. Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

COMPLAINT FOR DAMAGES

71. Defendants VARAK, SANCHEZ, and DOES 1-10 were each jointly and severally responsible for ensuring they, and each of them, did not use false evidence against Plaintiff, and each engaged in the unconstitutional conduct alleged herein, and failed to prevent it, which each had a responsibility to do, and each ratified, failed to prevent, approved or acquiesced in it.

72. Defendants VARAK, SANCHEZ, and DOES 1-10, acting under color of state law, conspired and agreed to deprive Plaintiff of his rights under the Fifth and Fourteenth Amendments to the United States Constitution against the creation and submission of false evidence, outside of live testimony which would result in a deprivation of liberty, because the provision of such false evidence would set in motion a reasonably foreseeable chain of events leading to the presentation of false evidence in the charging of Plaintiff and/or the subsequent criminal case against Plaintiff. Each creation or submission of false evidence and information, as well as any act related to such creation or submission of such information, constitutes an overt act in furtherance of the conspiracy.

73. As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel. Plaintiff's injuries have also affected and will continue to affect his ability to work, diminishing his earnings. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

74. The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary

COMPLAINT FOR DAMAGES

and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## SEVENTH CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983 –

## SUPERVISORIAL LIABILITY

## (AGAINST DEFENDANTS DOES 1-10)

75. Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

76. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-10, including but not limited to unknown supervisory employees and officials, knew, or in the exercise of reasonable care, should have known of a history and propensity and pattern at the time of this incident for the SMPD to fail to train and ensure that SMPD officers do not provide false evidence to support false arrests of citizens. Defendants' disregard of this knowledge or failure to adequately investigate, discover, and correct such acts or failure to act was a moving force which caused the violation of Plaintiff's constitutional rights.

77. Plaintiff is informed and believes and thereon alleges that prior to the Plaintiff's arrest alleged herein, Defendants DOES 1-10, acting under the color of their authority as supervisors of officers, employees, and/or agents, including Defendants VARAK, SANCHEZ, and DOES 1-10, and in the course and scope of their employment as such, committed similar acts of failing to supervise and train their subordinates to ensure that SMPD officers, employees, and/or agents do not provide false evidence to support false arrests of citizens, and ensuring that there is the requisite probable cause to make arrests.

78. Plaintiff is further informed and believes and thereon alleges that Defendants DOES 1-10, knew, or in the exercise of reasonable care should have

18

COMPLAINT FOR DAMAGES

known, of this pattern or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and these Defendants DOES 1-10 had a duty to train and instruct their subordinates to prevent similar acts to other citizens, but failed to take steps to properly train, supervise, investigate, or instruct officers, and/or agents or employees, and to retain officers who had a history of inappropriate conduct, and as a result Plaintiff was harmed in the manner threatened by the pattern or practice.

79.   At all times mentioned, and prior thereto, Defendants DOES 1-10 had the duty to perform the following and violated that duty: 1) train, supervise, and instruct officers, employees, and agents, including Defendants VARAK, SANCHEZ, and DOES 1-10 to ensure that they respected and did not violate federal and state constitutional and statutory rights of citizens; 2) discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights of citizens, by not condoning, ratifying, and /or encouraging the violation of Plaintiff's and other citizens' constitutional rights.

80.   As a direct and proximate result of the aforementioned acts of Defendants DOES 1-10, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel.  Plaintiff's injuries have also affected and will continue to affect his ability to work, diminishing his earnings. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

81.   The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary

COMPLAINT FOR DAMAGES

and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## **PRAYER**

Wherefore, Plaintiff prays for judgment against each defendant as follows:

1. For compensatory and general damages, past, present and future, and for emotional and psychological distress and injury, and pain and suffering, in an amount according to proof and in excess of this court's jurisdiction;

2. For special damages in an amount according to proof;

3. For loss of earnings and other economic or pecuniary damages, according to proof;

4. For medical expenses in amount according to proof;

5. For punitive or exemplary damages where alleged against the individual defendants only and not as to defendant CITY OF SANTA MONICA;

6. For legal interest on the judgment;

7. For costs of the suit and reasonable attorneys' fees pursuant to 42 U.S.C. §1988;

8. For such other and further relief as the Court may deem just and proper.

Dated: August 23, 2021                    **LAW OFFICES OF DO KIM, APLC**

By:   */s/ James Do Kim*
      James Do Kim, Esq.
      *Attorney for Plaintiff*

**THE HONG FIRM, APLC**

By:   */s/ Janet Hong*
      Janet Hong, Esq.
      *Attorney for Plaintiff*

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff James Anthony Humphrey respectfully requests that the present matter be set for a jury trial for all issues so triable

Dated: August 23, 2021                 **LAW OFFICES OF DO KIM, APLC**

By:    */s/ Do Kim*
Do Kim, Esq.
*Attorney for Plaintiff*

**THE HONG FIRM, APLC**

By:   */s/ Janet Hong*
Janet Hong, Esq.
*Attorney for Plaintiff*

21

COMPLAINT FOR DAMAGES